William Shelly made a feoffment to divers feoffees, to the use of the feoffor for life, with divers *remainders over. Provided always, that ifthe feoffor, during his life, tender a ring or a pair of gloves, or any sumof money to any of the feoffees, or any of their heirs (ipso Gulielmodeclarante that his intention is to alter the use, and make those uses void), then these uses would be void. Afterwards the said Shelly was attained of treason, and it was enacted by a special act of Parliament, 28 El., that all his lands, tenements, hereditaments, rights, conditions, etc., should be forfeited to the Queen. And afterwards the Queen, by her letters patent reciting the premises, authorized Sir John Fortescue to tender a ring accordingly, who did so and certified it in the Exchequer. Afterwards Harding obtained a lease of the land, etc.
The question was whether the power of tendering a ring, etc., was forfeited to the Queen by the above attainder, or whether it was annexed to the person of Shelly, because there is a declaration of the intention annexed to the person of Gulielm Shelly.
It seems to me that it was forfeited to the Queen by the attainder, by force of the general statute of 23 H., 8, and also by force of the special statute above referred to; and that the Queen may tender, etc., and therefore the lease is good. The main objection against it is this — that the condition is that if Shelly tender, etc., and declare his intention, etc. Therefore, as it is said that Shelly shall declare his intention and the use, ergo, it is objected, no one else can. Consequently, *Page 650 
as it is annexed to his person, it shall not be forfeited to the Queen. To this objection, I answer that it is a rule in law. Expression eorum,quaetacite sunt, nihil operatur: the words of the party are void when the law itself speaks. And thus it is in Litt., 331. If a man leases land rendering rent, and if the rent be behind on the day of payment, that then the lessor may distrain; the last clause, respecting the distress, is idle, inasmuch that the law says so. And therefore, if the clause had been that if the rent be behind for ten or twenty days, it seems that he may distrain the next day after the rent becomes due, for this circumstance does not vary the case. Thus, 30 Ass., 8. And in this case it was held by one of the Justices that the Queen may show the reason for tendering the ring and gloves, etc., and that her intent, etc. Forasmuch as he has bound himself by the proviso, to no more than the law had bound him to, it operates as nothing; and then another may tender for him and declare the intention. And in order to prove that he is bound by the law to show the intention of his tendering the ring or the gloves, observe that the tender has two effects, one proper (direct) or the gift of the ring, gloves, etc.; the other improper (indirect), which respects the conveyance. Now I say that an act that has an improper (indirect) effect, ought to be express. Plow., 93. If one makes entry on land, a casual entry, viz., to hunt on the *land, etc., it operates as nothing. 43 E., 3; Feoffment, 51; 6 Rep., Shop's case. The delivery of a deed of feoffment on the land makes it a deed, which is the proper effect; but it does not make it absolute, which is the improper effect, without expressing something which amounts to a livery. In this case the tender of the ring operates only to the proper, but not to the improper effect (which is the alteration of the conveyance) without an express mention of the intention. And the law requires that the intention should be made to appear.
2. The second reason to prove that according to law the intention ought to be expressed, is that if it be not said to what intent the ring, etc., are tendered, the feoffee cannot take notice of it, and it is not reasonable that the use should pass without notice, as appear in Dyer, 359; 8 Rep., Francis' case; 3 Rep., Pennant's case. For as the ring, gloves, or money might be given by way of gift, ex amore, or kindness, it is not reasonable that the use be altered without expressing that they are given for that purpose. Then, when he bound himself by the proviso to express the motives of the tender, he bound himself to nothing more than the law did bind him to — ergo, his words are to no purpose.
3. It is a very uncertain condition. First, with regard to the time; for the tender may be at any time during his life. Secondly, with regard to theperson the tender is uncertain, because it may be to any of the feoffees. Thirdly, because it is uncertain, with regard to the *Page 651 thing to be tendered, which may be a ring, gloves, or money. Fourthly, theplace is uncertain, for there is no express place fixed where the tender shall be. I say, that on account of these many uncertainties, it is reasonable, and the law requires that the intention be expressed. And as he is bound by law to express it, it is to no purpose that he should bind himself to do it by the proviso. Consequently, one may do it for him, notwithstanding the above objection.
4. In all these cases except two, I conceive that a condition may be forfeited to the Crown. The first is when the act is annexed to the mind of a man; there it cannot be forfeited to the King, because the mind of one man cannot be transferred to another. Englefield's case, 7 Rep. If the condition had been that if the feoffor, in his discretion, should conceive that his nephew had become vicious, etc., that then on tender, etc., there, in case of attainder, it would not have been forfeited to the Crown, because it is annexed to the judgment and discretion of Englefield, and therefore could not be transferred to any other; for the discretion and *mind of no other man is his. The other case is when the condition is annexed to the person of a man, as in the Duke of Norfolk's case, cited inEnglefield's the proviso then was that if the Duke signified under his hand and seal, etc., there another man could not signify with the hand and seal of the Duke. I conceive that all other conditions are forfeited to the King by attainder. Consequently, as in this case, the condition is not annexed to the mind or person of Shelly, inasmuch as he has spoken nothing, except what the law speaks, and consequently is not bound by it (his speech).
5. The tender of the ring in this case is the principal act; the declaration is only the accessory. And it cannot be denied that the power of tendering may be forfeited to the Crown, and consequently the declaration also. Quia accessorium sequitur suum principle. And it seems to me plain, that the declaration follows the tender, and not the person of Shelly. Wherefore I conclude that this condition is forfeited to the Queen, and there ought to be judgment for the defendant.